UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **MICHAEL ADAMS,** | **CIVIL ACTION NO. 7:19-88-KKC** |
| Plaintiff, | |
| v. | <u>ORDER AND OPINION</u> |
| **ANDREW SAUL, Commissioner of Social Security,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

Defendant Andrew Saul, the Commissioner of Social Security, moves to dismiss Plaintiff Michael Adams' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (DE 12.) For the following reasons, the Court grants Defendant's motion.

**I.  Background**

An Administrative Law Judge ("ALJ") previously approved Plaintiff Michael Adams' application for disability benefits under Titles II and XVI of the Social Security Act on February 23, 2007. (DE 1 ¶ 7.) However, in May 2015, the Social Security Administration's ("SSA") Appeals Council notified Plaintiff that the SSA's Office of Inspector General had informed the SSA that "there was reason to believe fraud or similar fault was involved" when Plaintiff's counsel, Eric Conn, submitted medical evidence in support of Plaintiff's application. (DE 1 ¶ 8.) Thereafter, a redetermination hearing was scheduled in front of an ALJ to determine whether Plaintiff was disabled. (DE 1 ¶ 10.) Plaintiff alleges that there

1

was no finding of fraud or similar fault made on the record. (DE 1 ¶ 9.) On March 1, 2016, the ALJ denied Plaintiff's application for benefits, and the Appeals Council denied review of his case on September 2, 2016. (DE 1 ¶¶ 11-12.)

On November 4, 2016, Plaintiff subsequently filed a civil action, challenging the SSA's redetermination process and its decision to deny him disability benefits. *Adams v. Berryhill*, No. 7:16-cv-00243-DCR, DE 1 (E.D. Ky. Nov. 4, 2016). On February 9, 2017, the district court dismissed the action without prejudice because Plaintiff failed to properly file for leave to proceed *in forma pauperis*. *Id.* at DE 7 (E.D. Ky. Feb. 9, 2017). However, Plaintiff did not refile his complaint until October 11, 2019. (DE 1.) In the complaint, Plaintiff alleges that Defendant's decision was not supported by substantial evidence, that Defendant improperly relied on informal guidance in the redetermination process, and various violations of the Administrative Procedure Act's requirements, the Fifth Amendment Due Process Clause, and the Appointments Clause. (DE 1 ¶¶ 13-26.)

**II.     Analysis**

To survive a 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a motion dismiss, courts generally cannot consider matters outside of the pleadings. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). But courts may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Id.* at 680-81 (citations and quotation marks omitted).

Here, Defendant attached to the motion to dismiss the SSA's decisions regarding Plaintiff's application for disability benefits, an affidavit confirming the details of these decisions, and a copy of the district court's dismissal of Plaintiff's initial complaint. The Court does not need to convert Defendant's pending motion to dismiss into a motion for summary judgment because the SSA's decisions and the procedural history of Plaintiff's claims are referenced in Plaintiff's complaint and are central to his claims challenging the SSA's decisions.

Cases arising under Titles II and XVI of the Social Security Act are subject to judicial review, provided that certain conditions are met. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3) (expressly adopting the standards set forth in § 405(g)). "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision[.]" 42 U.S.C. § 405(g); *see* 42 U.S.C. § 1383(c)(3). The Sixth Circuit has interpreted the "mailing" of the notice as the date that the individual receives the notice. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007). The individual is presumed to have received the notice five days after the notice date, unless the individual makes a reasonable showing to the contrary. *See id.* at 436-37; 20 C.F.R. § 404.901; 20 C.F.R. § 416.1401; 20 C.F.R. § 422.210(c).

Having made no reasonable showing to the contrary, Plaintiff could properly seek judicial review of Defendant's denial of his disability benefits five days after he presumably received notice of the Appeals Council's September 2, 2016 decision. Accordingly, Plaintiff presumably received notice of the decision on September 7, 2016, and the limitations period

for his claims expired sixty days later on November 7, 2016.[1] Plaintiff timely filed his initial complaint on November 4, 2016, but that complaint was dismissed without prejudice on February 9, 2017. If a lawsuit is dismissed without prejudice, the dismissal does not toll the statute of limitations. *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009). Plaintiff did not refile his complaint until over two years later on October 11, 2019. Therefore, unless another tolling doctrine applies, Plaintiff's claims are untimely, and the Court must dismiss the action.

Plaintiff argues that a series of class actions continuously tolled[2] the statute of limitations for his individual claims pursuant to the Supreme Court's decision in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974). Under *American Pipe*, "a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554 (applying rule to intervenors); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983) (extending rule to individual claims). The statute of limitations is accordingly tolled for all asserted members until class certification is denied. *Crown, Cork*, 462 U.S. at 354. When class certification is denied, the statute of limitations resumes. *Andrews v. Orr*, 851 F.2d 146, 150 (6th Cir. 1988), *abrogated on other grounds*.

The relevant class actions include: (1) *Martin v. Colvin*, Civil No. 15-46-ART (E.D. Ky. 2015); (2) *Robertson v. Colvin (Robertson I)*, CIVIL ACTION NO. 3:16-2113 (S.D.W. Va. 2016)

---

[1] Sixty days after September 7, 2016, is technically November 6, 2016, but because this date was a Sunday, Plaintiff had until Monday, November 7, 2016, to file his complaint. *See Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir. 1995) (holding that if the statute of limitations period expires on a weekend, then it extends to the following business day).

[2] In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018), the Supreme Court held that *American Pipe* tolling does not apply to successive class actions. Therefore, Defendant suggests that, by extension, *China Agritech* renders impermissible the "stacking" of class actions to continuously toll the statute of limitations for individual claims. (*See* DE 17 at 13.) The Court does not address this argument because even if Plaintiff could stack the class actions to extend the limitations period for his claims, Plaintiff's claims would still be untimely.

4

and *Robertson v. Berryhill (Robertson II)*, CIVIL ACTION NO. 3:16-3846 (S.D.W. Va. 2016); and (3) *Hughes v. Berryhill*, Civil No. 5:16-352-ART (E.D. Ky. 2016). In each class action, former clients of Eric Conn brought claims challenging Defendant's redetermination process.[3]

None of the class actions tolls the statute of limitations long enough to transform Plaintiff's complaint into a timely one. No matter where the Court draws the boundaries of *American Pipe* tolling in each of these class actions, Plaintiff's claims come too late. At latest, the class actions tolled Plaintiff's claims until February 21, 2017, two years prior to the filing of the instant complaint.

In *Martin v. Colvin*, the plaintiffs pursued a class action on May 30, 2015, against Defendant, bringing various claims related to violations of Social Security Act regulations, the Due Process Clause, and the Equal Protection Clause. Civil No. 15-46-ART, DE 1 ¶¶ 50-71 (E.D. Ky. May 30, 2015). On November 16, 2015, the district court dismissed the action for lack of jurisdiction due to the plaintiffs' failure to exhaust their administrative remedies. *Martin v. Colvin*, Civil No. 15-46-ART, 2015 WL 7202484, at *1 (E.D. Ky. Nov. 16, 2015). The Sixth Circuit found that because the plaintiffs had exhausted their administrative remedies while their appeal was pending, their case was now moot. *Martin v. Colvin*, No. 16-5527, DE 45-1 at 1 (6th Cir. Jan. 16, 2018). On January 16, 2018, the Sixth Circuit dismissed the case for lack of jurisdiction and vacated the judgment. *Id.* at 2. In accordance with the Sixth Circuit's order, the district court again dismissed the matter on April 12, 2018. *Martin*, Civil No. 15-46-ART, DE 50 (E.D. Ky. Apr. 12, 2018).

---

[3] *American Pipe* solely tolls those "substantive claims that were raised, or could have been raised, in the initial complaint." *Weston v. AmeriBank*, 265 F.3d 366, 368 (6th Cir. 2001); *see also Guy v. Lexington-Fayette Urb. Cnty. Gov't*, 488 F. App'x 9, 21 (6th Cir. 2012) ("[F]iling one class action will not toll the statutes of limitations on all the claims or class actions a putative class member might have; it only tolls the claims asserted in the filed class action."). To the extent that Plaintiff asserts claims other than those raised in the relevant class actions, *American Pipe* tolling does not apply, and those claims are time-barred.

While neither the Supreme Court nor the Sixth Circuit has clearly defined the bounds of *American Pipe* tolling, the Seventh Circuit and the Eastern District of Kentucky have suggested that *American Pipe* tolling also ends when the relevant lawsuit is dismissed and therefore, loses its class action status. *See, e.g.*, *Collins v. Vill. of Palatine*, 875 F.3d 839, 844 (7th Cir. 2017) ("Tolling stops immediately when a class-action suit is dismissed—with or without prejudice—before the class is certified."); *In re Copper Antitrust Litig.*, 436 F.3d 782, 793 (7th Cir. 2006) (declining to apply *American Pipe* tolling during the pendency of an appeal challenging a class action's dismissal with prejudice); *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002) ("[B]ut when the suit is dismissed without prejudice or when class certification is denied[,] the statute resumes running for the class members."); *Messer v. Saul*, Civil Action No. 7:19-093-DCR, 2020 WL 1860695, at *5 (E.D. Ky. Apr. 13, 2020) ("A relatively straightforward general rule emerges . . . when a prior putative class actions' claims are dismissed or certification is denied, the *American Pipe* tolling period for related individual claims ends. The exact reason the prior lawsuit loses its class action status does not matter[.]"), *appeal filed*. Therefore, *Marvin* only tolled the limitations period until the court's initial dismissal of the case on November 16, 2015, before Plaintiff's complaint was even ripe for judicial review.

According to Plaintiff, *Martin* tolled the statute of limitations for his claims until its final dismissal on April 12, 2018. Plaintiff argues that the initial dismissal in *Martin* "did not stop class action tolling because [that] dismissal[] [was] subsequently vacated by [the] Court[] of Appeals," and according to the Fifth Circuit, "[i]f a denial of class certification is reversed on appeal, the putative class members can claim the benefit of uninterrupted tolling from the original class action date." (DE 16 at 10 (quoting *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 376 n.8) (emphasis omitted).) If *Martin* did indeed toll the statute of

6

limitations until April 12, 2018, Plaintiff's complaint is still untimely because it was not filed until over a year later on October 11, 2019. However, the rule from *Hall* (an out-of-Circuit case) does not apply since the Sixth Circuit did not reverse any denial of class certification. As the Fifth Circuit further stated in *Hall*, "the unsuccessful appeal of either a decertification or a denial of certification does not extend the tolling period." 727 F.3d at 376. Accordingly, tolling ended upon the district court's initial dismissal of the case on November 16, 2015.

In *Robertson v. Colvin* (*Robertson I*), the plaintiffs brought a class action lawsuit against Defendant on March 4, 2016, claiming violations of Social Security Act regulations, the Due Process Clause, and the Administrative Procedures Act. CIVIL ACTION NO. 3:16-2113, 2016 WL 5853725, at *2 (S.D.W. Va. Oct. 5, 2016). The district court dismissed that case on October 5, 2016, for lack of jurisdiction because two of the named plaintiffs, Rose and Collins, had not exhausted their administrative remedies, and the third named plaintiff, Robertson, impermissibly split his claims. *Id.* at *8. Rose and Collins appealed the dismissal to the Fourth Circuit, which found the appeal moot because the plaintiffs had, by then, exhausted their administrative remedies. *Rose v. Berryhill*, 694 F. App'x 190, 191 (4th Cir. 2017) (per curiam). The Fourth Circuit vacated the district court judgment on August 3, 2017. *Id.* On August 7, 2017, the district court dismissed *Robertson I*. (DE 16 at 5.)

On October 18, 2016, Robertson amended his complaint in a separate action to include class action claims. *See Robertson v. Berryhill*, CIVIL ACTION NO. 3:16-3846, 2017 WL 1170873, at *3 (S.D.W. Va. Mar. 28, 2017) (*Robertson II*); *Robertson II*, CIVIL ACTION NO. 3:16-3846, DE 16 (S.D.W. Va. October 18, 2016). He later removed the class action claims in a second amended complaint on January 27, 2017. *Robertson II*, 2017 WL 1170873, at *3; *Robertson II*, CIVIL ACTION NO. 3:16-3846, DE 32 (S.D.W. Va. Jan. 27, 2017).

7

For the reasons given above, *American Pipe* tolling ended when the district court first dismissed *Robertson I* on October 5, 2016. As with *Martin*, Plaintiff argues that *Robertson I* tolled the statute of limitations until August 7, 2017, when the district court dismissed the case after the Fourth Circuit vacated the district court's judgment. (DE 16 at 10.) Even supposing that *Robertson I* tolled Plaintiff's claims until August 7, 2017, Plaintiff's complaint is time-barred, as he did not file it for two more years. But since the Fourth Circuit did not reverse a denial of class certification in *Robertson I*, any tolling ended upon the district court's initial dismissal of the case on October 5, 2016. Because Plaintiff did not file his complaint for another three years—well past the limitations period—*Robertson I* does not revive Plaintiff's complaint. Neither does *Robertson II*, which only tolled the limitations period until January 27, 2017, when that plaintiff removed the class action claims. *See American Pipe*, 414 U.S. 538 at 561 ("[T]he commencement of the class action in this case suspended the running of the limitation period only during the pendency of the motion to strip the suit of its class action character.").

In *Hughes v. Berryhill*, the plaintiffs brought class action claims against Defendant on November 2, 2016, alleging that the SSA's decisions were not supported by substantial evidence and that Defendant violated the Due Process Clause, Social Security Act regulations, and the Administrative Procedure Act. Civil No. 5:16-352-ART, DE 17 ¶¶ 76-100 (E.D. Ky. Nov. 2, 2016). On February 21, 2017, the district court stayed the case and denied the plaintiffs' motion to certify the class action without prejudice. *Id.* at DE 40 pp. 4 (E.D. Ky. Feb. 21, 2017). On August 13, 2019, the district court ultimately lifted the stay, reversed the denial of the disability claims, reinstated benefits, and remanded the case back to the SSA. *Id.* at DE 77 (E.D. Ky. Aug. 13, 2019).

Plaintiff claims that *Hughes* tolled the statute of limitations until August 13, 2019, when the district court lifted the stay and remanded the case. (DE 16 at 8-9.) Therefore, Plaintiff argues, he timely refiled his complaint within sixty days.[4] (DE 16 at 9.)

To support his argument, Plaintiff cites *In re Vertrue Inc. Marketing and Sales Practices Litigation,* 719 F.3d 474 (6th Cir. 2013). (DE 16 at 9-10.) There, the Sixth Circuit wrote that *American Pipe* tolling stops when a "court has *definitively* ruled on class certification." *Vertrue*, 719 F.3d at 479 (emphasis added). But *Vertrue* is inapposite. At the outset, the Court notes that, unlike the instant case, *Vertrue* concerned the refiling of a class action after the court dismissed the prior class action without ruling on the plaintiffs' motion for class certification. *Id.* at 477-78. The instant case involves the refiling of a lawsuit by an individual plaintiff after the district court denied the plaintiffs' motion for class certification in the putative class action. The district court in *Vertrue* made no ruling on plaintiffs' pending motion for class certification, denying the class action claims as moot. *Id.* at 477, 479-80. That is not the case here where the district court in *Hughes* denied class certification and therefore, definitively ruled on class certification. And, any denial of class certification ends *American Pipe* tolling, whether that denial is with or without prejudice. *See Andrews*, 851 F.2d at 150 (holding *American Pipe* tolling ended upon the district court's denial of class certification, despite the plaintiff's intent to file another motion for class certification); *see also Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 108-09 (2d Cir. 2013) ("[T]he tolling rule announced in [*American Pipe*] extends only through the denial of class status in the first instance by the district court."); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 203, 211 (4th Cir. 2006) (tolling ended upon an administrative order denying class certification); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1391 (11th Cir. 1998) ("We therefore

---

[4] Plaintiff erroneously asserts that he filed his complaint on September 4, 2019 (DE 16 at 9), but he did not file his complaint until October 11, 2019 (DE 1).

9

conclude that the pendency of a class action tolls the applicable statute of limitations only until the district court makes a class certification decision."). Thus, *Hughes* only tolled the limitations period for Plaintiff's claims until February 21, 2017, over two years before Plaintiff refiled his complaint.

Even if Plaintiff was afforded the full benefit of *American Pipe* tolling, the class actions that Plaintiff relies upon only toll the statute of limitations period, at latest, until February 21, 2017. Plaintiff did not file his complaint until over two years later on October 11, 2019. Because Plaintiff did not properly file his complaint within the sixty-day limitations period, his complaint is untimely. Therefore, the Court must dismiss his complaint.[5]

### III. Conclusion

The Court hereby ORDERS as follows:

1. Defendant Andrew Saul's motion to dismiss for failure to state a claim (DE 12) is GRANTED;

2. Plaintiff Michael Adams' complaint (DE 1) is DISMISSED with prejudice; and

3. This matter is DISMISSED and STRICKEN from the Court's active docket.

Dated December 03, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[5] Equitable tolling also does not extend the statute of limitations period in this case. Equitable tolling only applies if the plaintiff bears the burden of demonstrating that exceptional circumstances warrant the tolling. *Kellum v. Commissioner*, 295 F. App'x 47, 49 (6th Cir. 2008). Plaintiff raises no explicit arguments related to equitable tolling and thus, has not borne his burden.

10