UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| **Michael Adams,** | Civil No. 7:19-88-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **Kilolo Kijakazi,** *Acting Commissioner of Social Security*, | |
| Defendant. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Plaintiff Michael Adams's Motion for Indicative Ruling on Reconsideration [DE 22]. The combined motion requests an indicative ruling under Rule 62.1 and relief under Rule 60(b). Adams asks the Court to issue an indicative ruling stating that if it had jurisdiction, the Court would grant his Rule 60(b) motion and reconsider its judgment dismissing the case for being untimely. For the reasons stated below, the Court will defer Adam's motion.

## BACKGROUND

On December 3, 2020, this Court granted the Commissioner's motion to dismiss for failure to state a claim and dismissed Adams's complaint with prejudice. [DE 18.] On January 7, 2021, Adams appealed that ruling to the United States Court of Appeals for the Sixth Circuit.

[DE 19.] He then filed this combined Rule 60(b) and Rule 62.1 motion on September 16, 2021. [DE 22.]

## ANALYSIS

### I. Motion Under Rule 62.1

The filing of a notice of appeal generally divests the district court of jurisdiction, *United States v. Garcia-Robles*, 562 F.3d 763, 767 (6th Cir. 2009) (citing *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007)). Because Adams has filed a notice of appeal, this court no longer has jurisdiction to grant a Rule 60(b) motion. *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008).

However, when a case has been appealed and a party makes a motion under Rule 62.1, the district court can do the following: (1) defer considering the Plaintiff's Rule 60(b)(6) motion; (2) deny the motion; or (3) make an indicative ruling by stating either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. FED. R. CIV. P. 62.1; s*ee also* Advisory Committee's Note on FED. R. CIV. P. 62.1. If the district court makes an indicative ruling, a party filing the motion for relief from the judgment can request that the appellate court order a remand to allow the district court to grant or further consider the motion. *See* FED. R. CIV. P. 62.1(b), (c); FED. R. APP. P. 12.1.

## II. Rule 60(b) Standard

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Adams appears to seek relief under section (6) of this rule. Whether to grant such a motion is committed to the discretion of the district court. *See Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Rule 60(b)(6) is a catch-all provision. It applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal*, 249 F.3d at 524. "To grant relief under this rule, the Sixth Circuit requires that the movant show 'unusual and extreme situations where principles of equity *mandate* relief.'" *Dumphord v. Gabriel*, Civil Action No. 5: 20-461-DCR, 2021 U.S. Dist. LEXIS 207242, at *6 (E.D. Ky. Oct. 27, 2021)

(quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

### III. Grounds for Reconsideration

In his motion, Adams asks the Court to reconsider its December 3, 2020 Order and Opinion [DE 18] on one of two grounds: (1) an intervening change in law based on the Sixth Circuit's decision in *Potter v. Comm'r of Soc. Sec.*, 9 F. 4th 369 (6th Cir. 2021), which clarified the tolling period for the individual claims of asserted members of a class action, or (2) individualized equitable tolling arguments that Adams failed to raise in response to the Commissioner's motion to dismiss. The Court will address each argument in turn.

#### A. Intervening Change in Law

Adams argues that the Court should indicate it would grant relief under Rule 60(b) based on an intervening change in law that shows the Court's analysis in its December 3, 2020, Order and Opinion [DE 18] was erroneous. In that opinion, the Court held that the tolling of Adams's individual claims ended, and the statute of limitations began to run, when the district court in *Hughes v. Berryhill*, No. CV-16-352-ART, 2017 U.S. Dist. LEXIS 163856, 2017 WL 3000035, at *2 (E.D. Ky. Feb. 21, 2017), dismissed the plaintiffs' motion to certify the class action without prejudice. [DE 18 at 10.] Thus, the Court held, the tolling period for Adams's claims ended on February 21, 2017, which was over two years prior to the filing of his complaint on October 11, 2019.

In *Potter*, the Sixth Circuit held that "the *Hughes* denial did not restart plaintiffs' statute-of-limitations clock." *Potter*, 9 F.4th at 379.

Adams argues that the Sixth Circuit's holding shows that this Court's tolling analysis was erroneous and warrants reconsideration. Essentially, Adams argues that the Court's decision should be reconsidered based on an intervening change in law. For the purposes of this motion, the Court assumes that *Potter* does indeed clarify the law on whether a district court's denial of a class action certification ends the tolling period for individual claims of class members.

"Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Segrist v. Bank of N.Y. Mellon*, 797 F. App'x 909, 911 (6th Cir. 2019) (citing *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "In order for a court to grant Rule 60(b)(6) relief based 'on an applicable change in decisional law' the change in law must be 'coupled with some other special circumstance.'" *Id.* (quoting *Blue Diamond*, 249 F.3d at 524).

Here, Adams has shown no "extraordinary" or "special" circumstance in addition to a change in decisional law. Even if Adams had shown special circumstance, the Court would be disinclined to state that it would grant Adams's motion or that it raises a substantial issue, because his pending appeal raises the very same issue on which his Rule 60(b) motion is premised. "[Adams] has thus placed the same issue in front of two courts at the same time." *United States v. All Assets Held in Account No. 80020796*, Civil Action No. 13-1832 (JDB), 2017 U.S. Dist. LEXIS 222973, at *5 (D.D.C. Nov. 15, 2017) (deferring consideration of

Rule 62.1 motion until appeal concluded). As another district court explained when confronting the same circumstance:

> [T]here is little indication the drafters of [Rule 62.1] intended it to be used in this manner: to ask a district court to issue an indicative ruling reconsidering the same question being reviewed by the court of appeals. In effect, Plaintiffs are requesting this Court to inform the Second Circuit it believes its own opinion should be reversed. Indicative rulings allow for the timely resolution of motions which may further the appeal or obviate its necessity. . . . But an indicative ruling on the very issue on appeal only interrupts the appellate process.

*Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chi. v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013). There, the district court elected to defer ruling on plaintiffs' motion until their appeal had concluded. *Id.* at 223; *see also Amarin Pharm. Ireland Ltd. v. FDA*, 139 F. Supp. 3d 437, 447–48 (D.D.C. 2015) (deferring resolution of motion and declining to issue an indicative ruling on question that was pending on appeal); *Han Tak Lee v. Cameron*, No. 4:08-CV-1972, 2015 WL 1000231, at *1, *6 (M.D. Pa. Mar. 5, 2015) (denying without prejudice a motion for indicative ruling because "the court of appeals is already fully conversant with the issues . . . , [the district court's] views [had] been fully articulated in [its] prior rulings, . . . and the appellate court may always remand this matter to [the district court] for an indicative ruling if the court of appeals deems such a ruling to be helpful").

Because a decision by the Sixth Circuit will "more finally resolve [this] issue as opposed to proceeding with a district court decision subject to appeal," *Ret. Bd. of Policemen's Annuity*, 297 F.R.D. at 222, the Court will defer ruling on Adams's motion, pending such time, if any,

– 6 –

that the court of appeals concludes that an indicative ruling would be of aid to it. *See* FED. R. CIV. P. 62.1(a)(1)

### B. Individual Equitable Tolling Arguments

Adams argues that relief under Rule 60(b) is warranted based on individualized, equitable tolling. [DE 22 at 4.] As the Court noted in its December 3, 2020, Order and Opinion, Adams did not raise any equitable tolling arguments in his briefs, [DE 18 at 10 n.5.], and he acknowledges that "this argument for equitable tolling should have been expressly made earlier in response to [the Commissioner's] motion to dismiss in this case." [DE 22 at 8.]

Arguments and evidence that could have—and should have—been presented in response to the Commissioner's motion to dismiss are not grounds for relief under Rule 60(b). *Ward v. Chapman*, No. 2:19-cv-12543, 2020 U.S. Dist. LEXIS 157202, at *11 (E.D. Mich. Aug. 31, 2020) (noting that Rule 60(b) does not permit relief on the basis of a new legal theory). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Accordingly, to the extent that Adams's Rule 60(b) motion asks for relief based on individualized equitable tolling arguments that were not previously raised, the Court would deny his motion.

## CONCLUSION

For the reasons stated in this opinion, pursuant to Rule 62.1(a)(1), the Court will **DEFER** ruling on Adam's motion for indicative ruling [DE 22].

Dated March 31, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY